

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2005

# Hampden Real Estate v. Metro Mgmt Grp Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2500

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Hampden Real Estate v. Metro Mgmt Grp Inc" (2005). *2005 Decisions.* Paper 739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2500

HAMPDEN REAL ESTATE, INC., GENERAL PARTNER;
JAGDISH BANSAL; ASHOK LUHADIA; INDU GARG;
ANIL GUPTA, LIMITED PARTNERS, TRADING AS
HAMPDEN ENTERPRISES, L.P., A NEW JERSEY LIMITED PARTNERSHIP

v.

METROPOLITAN MANAGEMENT GROUP, INC.;
SKYLINE APARTMENTS, LLC, A PA. LIMITED
LIABILITY COMPANY; KEVIN TIMOCHENKO

Metropolitan Management Group, Inc.,

Appellant

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-01160)
District Judge: Hon. Michael M. Baylson

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 3, 2005

BEFORE: FUENTES, GREENBERG and COWEN, Circuit Judges

(Filed August 4, 2005)

OPINION

COWEN, Circuit Judge.

Metropolitan Management Group, Inc. appeals the District Court's order granting summary judgment in favor of Hampden Real Estate and against Metropolitan Management with respect to the breach of contract claim. Metropolitan Management contends that the parties modified and amended the agreement of sale to exclude the escrow account credit by executing the final settlement statement. Alternatively, Metropolitan Management asserts that there was at a minimum disputed issues of material fact concerning whether (1) the parties intended the final settlement statement to represent the final purchase price, (2) the parties intended that the escrow account credit would be released by Hampden Real Estate as part of the sale negotiations, and (3) Metropolitan Management would have proceeded to close the transaction if it was aware it would have to pay the escrow account credit. The District Court had jurisdiction pursuant to 28 U.S.C. § 1332 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We will reverse the District Court's judgment and remand for further proceedings.

As we write solely for the parties, we only provide a brief recitation of the facts. Hampden Real Estate sold Metropolitan Management a residential property pursuant to an Amended Agreement of Sale (the "Sale Agreement"). The Sale Agreement provided that the property would be sold for $3.7 million, that Metropolitan Management would assume Hampden Real Estate's mortgage on the building, and that Hampden Real Estate would

receive a credit in the amount of $120,549.78—the amount being held in escrow pursuant to the mortgage (the "Escrow Account Credit").

Between the execution of the Sale Agreement and the closing, the parties negotiated certain adjustments to the purchase price to compensate for required repairs. During these negotiations, the parties reviewed a draft and final HUD-1 Settlement Statement (the "Settlement Statement"), prepared by the closing agent, which did not list the Escrow Account Credit among the various debits and credits. A few weeks after the closing, Hampden Real Estate demanded payment of the Escrow Account Credit.

Following Metropolitan Management's refusal to pay the Escrow Account Credit, Hampden Real Estate filed a complaint claiming breach of contract, unjust enrichment, and conversion. Metropolitan Management brought counterclaims for breach of contract, unjust enrichment, and fraudulent or negligent misrepresentation. Hampden Real Estate brought a partial motion for summary judgment as to the breach of contract claim, which was granted and its unjust enrichment and conversion claims were dismissed as moot. Metropolitan Management's cross motion for summary judgment on all counts was denied. After summary judgment was granted as to the breach of contract claim, the parties withdrew all remaining claims.

We review a district court's order granting plaintiff's motion for summary judgment under a plenary standard, applying the same test employed by the district court under Federal Rule of Civil Procedure 56(c). *Morton Int'l, Inc. v. A.E. Staley Mfg. Co.*,

343 F.3d 669, 679 (3d Cir. 2003). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In making this determination, we view the facts in the light most favorable to the non-moving party.

The District Court correctly determined that the threshold issue is the role of the Settlement Statement, "based on both the intent of the parties and the custom and usage of the document." (App. at 7.) However, the Court refused to consider extrinsic or parol evidence to determine the intent of the parties, reasoning that the parol evidence rule precluded such consideration absent ambiguity in the written contract. We find that the District Court misapplied the rule. The parol evidence rule seeks to preserve the integrity of written agreements by precluding the introduction of contemporaneous or prior declarations to alter the meaning of written agreements. *See Rose v. Food Fair Stores, Inc.,* 262 A.2d 851, 863 (Pa. 1970). The rule does not apply, however, where a party seeks to introduce evidence of subsequent oral modifications. *See Kersey Mfg. Co. v. Rozic*, 215 A.2d 323 (Pa. Super. Ct. 1965), *rev'd on other grounds* 222 A.2d 713 (Pa. 1966). As the *Kersey* court held, a "written agreement may be modified by a subsequent written or oral agreement and this modification may be shown by writings or by words or by conduct or by all three. In such a situation the parol evidence rule is inapplicable." *Id.* at 324. Here, the parol evidence rule does not preclude testimony regarding the parties intention to alter

4

the final purchase price by executing a Settlement Statement, after the execution of the Sale Agreement, which omitted the Escrow Account Credit.

The cases cited by Hampden Real Estate are not to the contrary as each involved the admissibility of prior negotiations to demonstrate misrepresentations made in the inducement of the contract. As example, the court in *Rempel v. Nationwide Life Insurance Company*, held that "[i]f a party contends that a writing is not an accurate expression of the agreement between the parties, and that certain provisions were omitted therefrom, the parol evidence rule does not apply." 370 A.2d 366, 371 (Pa. Super. Ct. 1977) (permitting the introduction of parol evidence to establish that the contract omitted provisions which appellees represented would be included in the writing); *see also 1726 Cherry Street P'ship v. Bell Atlantic Prop., Inc.,* 653 A.2d 663 (Pa. Super. Ct. 1995) (precluding the introduction of evidence of a prior representation to prove fraudulent inducement).

The District Court further held that the integration clause contained in the written contract supports the conclusion that the Settlement Statement, which mentioned neither the Escrow Account Credit nor that it was amending the Sale Agreement, is not a modification of the Sale Agreement. The Court explained that the outcome might be different if the Settlement Statement mentioned "the escrow credit but provided different details, but as the [Settlement Statement] in this case simply ignored the escrow credit, and both parties agree that there were no oral discussions regarding the escrow credit, the

5

[Settlement Statement] cannot be said to modify the escrow credit provision in the Agreement of Sale." (App. at 9.) We disagree.

It is well-settled law in Pennsylvania that a "written contract which is not for the sale of goods may be modified orally, even when the contract provides that modifications may only be made in writing." *Somerset Cmty. Hosp. v. Allan B. Mitchell & Assocs., Inc.*, 685 A.2d 141, 146 (Pa. Super. Ct. 1996). "The modification may be accomplished either by words or conduct," *First Nat'l Bank of Pa. v. Lincoln Nat'l Life Ins. Co.*, 824 F.2d 277, 280 (3d Cir. 1987) demonstrating that the parties intended to waive the requirement that amendments be made in writing, *Somerset Cmty. Hosp.*, 685 A.2d at 146. An oral modification of a written contract must be proven by "clear, precise and convincing evidence." *Fina v. Fina*, 737 A.2d 760, 765 (Pa. Super. Ct. 1999). Viewing the evidence in the light most favorable to Metropolitan Management, we find that the District Court erred in concluding that there was insufficient evidence in the record to raise a genuine issue of material fact as to whether the parties intended to orally modify the Sale Agreement. Metropolitan Management introduced a Settlement Statement which omitted the Escrow Account Credit, while listing all other debits and credits (app. at 94-95) and submitted an affidavit from its President who "reviewed the Draft Settlement Statement and understood that the Escrow Account Credit had been omitted as part of the ongoing negotiations between the parties concerning the amount of the credit to which

Metropolitan Management was entitled" due to the poor condition of the property (app. at 117-18).

Accordingly, the District Court erred in granting summary judgment in favor of Hampden Real Estate. At a minimum, there was a triable issue of fact concerning whether the Settlement Statement was intended to modify the prior written Sale Agreement and serve as the final and binding manifestation of the purchase price. Specifically, whether the parties intended to exclude the Escrow Account Credit from the purchase price as part of the negotiations to address Hampden Real Estate's failure to maintain the property.

For the foregoing reasons, the judgment of the District Court entered on February 18, 2004, will be reversed and remanded for further proceedings. Since we will reverse the District Court's grant of summary judgment as to Count I (Breach of Contract) and the District Court dismissed Counts II (Unjust Enrichment) and III (Conversion) as moot by its issuance of summary judgment, we likewise remand those counts to the District Court for further consideration.