

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2007

# Hampden Real Estate v. Metro Mgmt Grp

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4052

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Hampden Real Estate v. Metro Mgmt Grp" (2007). *2007 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 06-4052

———

HAMPDEN REAL ESTATE, INC., General Partner; JAGDISH BANSAL;
ASHOK LUHADIA; INDU GARG; ANIL GUPTA, Limited Partners, trading as
Hampden Enterprises, L.P., A New Jersey Limited Partnership,
Appellants

v.

METROPOLITAN MANAGEMENT GROUP, INC.;
SKYLINE APARTMENTS, LLC, A PA. Limited
Liability Company; KEVIN TIMOCHENKO

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-01160)
District Judge:  Honorable Michael M. Baylson

———

Submitted Under Third Circuit LAR 34.1(a)
October 26, 2007

Before:  SLOVITER, CHAGARES, and HARDIMAN, Circuit Judges

(Filed:  November 6, 2007)

———

OPINION

SLOVITER, Circuit Judge.

A jury decided that Metropolitan Management Group, Inc. ("Metropolitan") (the buyer) was entitled to the fund of approximately $120,000 held in escrow pursuant to its purchase of a residential property. The seller, Hampden Real Estate. Inc. ("Hampden"), appeals from the District Court's order denying its motion for summary judgment and/or motion in limine, and its motion for post-trial relief. The District Court had jurisdiction pursuant to 28 U.S.C. § 1332, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm.

Because we write primarily for the parties, who are familiar with the proceedings, we do not restate the facts in detail. The amended Agreement of Sale (the "Sale Agreement") by which Hampden sold the residential property to Metropolitan provided that the property would cost $3.7 million, that Metropolitan would assume Hampden's mortgage on the property, and that Hampden would receive a credit of $120,549.78. The credit was held in escrow pursuant to Hampden's mortgage.

The parties executed the Sale Agreement on September 24, 2001, and closed on November 28, 2001. During the intervening time period, the parties negotiated the purchase price to reflect costs required to repair the property. During these negotiations, the parties viewed a draft and a final version of a HUD-1 Settlement Statement prepared by the closing agent. The final Settlement Statement did not show the escrow amount among the itemized debits and credits.

After closing, Hampden made a demand for payment of the escrow amount, which

2

Metropolitan refused. Hampden then filed suit, claiming breach of contract, unjust enrichment, and conversion. Metropolitan counterclaimed for breach of contract, unjust enrichment, and fraudulent or negligent misrepresentation. The District Court granted Hampden's partial motion for summary judgment as to the breach of contract claim and dismissed its remaining claims as moot. It denied Metropolitan's cross-motion for summary judgment on all counts.

On Metropolitan's appeal of the District Court's order with respect to the breach of contract claim, we held that the parol evidence rule did not preclude testimony that the parties had intended for the Settlement Statement to modify the Sale Agreement. Because we concluded that the parties' intention to modify the Sale Agreement was a material issue of fact, we reversed the District Court's grant of summary judgment, and remanded for further proceedings. Hampden Real Estate, Inc. v. Metro. Mgmt. Group, Inc., 142 F. App'x 600 (3d Cir. 2005).

On remand, the District Court reopened discovery and permitted the deposition testimony of Metropolitan's CEO, Kevin Timochenko. The District Court denied the parties' renewed cross-motions for summary judgment and Hampden's motion in limine. The matter proceeded to trial. The jury determined that the parties had modified the original Sale Agreement, and returned a verdict for Metropolitan. The District Court then denied Hampden's motion for post-trial relief. Hampden appeals.

Hampden first argues that the District Court erred by failing to grant its motion for summary judgment. Our review of the District Court's denial of summary judgment is

3

plenary, and we apply the same standard of review as the District Court. Given the Settlement Statement and the deposition testimony of Timochenko that prior to closing the parties were negotiating the "number [he] was willing to pay for the property," there were several genuine issues of material fact in dispute. App. at 6. These included: whether the parties intended to delete the escrow provision from the final contract; whether the parties intended to orally modify the Sale Agreement; and whether the Settlement Statement was intended to modify the Sale Agreement. Accordingly, Hampden was not entitled to summary judgment.

Hampden also contends that it was entitled to a new trial or judgment notwithstanding the verdict because the evidence failed to establish that the parties intended to modify the Sale Agreement. We review the District Court's denial of the motion for a new trial under the abuse of discretion standard. A new trial should be granted "only when the record shows that the jury's verdict resulted in a miscarriage of justice or where the verdict, on the record, cries out to be overturned or shocks our conscience." Williamson v. Consol. Rail Corp., 926 F.2d 1344, 1353 (3d Cir. 1991). The verdict does not meet this standard.

Contrary to Hampden's contention, there was sufficient evidence to support the conclusion that the parties intended to exclude the escrow amount. During trial, Timochenko testified that after executing the Sale Agreement Metropolitan discovered numerous defects in the property. Further, Timochenko gave detailed testimony about the price negotiations that followed this discovery. Hampden counters that the escrow

4

amount was never mentioned during these negotiations. From this, it concludes that no reasonable jury could have found that the parties intended the final sale price to exclude that amount. In light of the defects to the property, the heated negotiations that preceded closing, and the fact that the final Settlement Statement did not include the escrow amount, we cannot conclude that there is insufficient evidence to support the jury's verdict.

Similarly, the District Court did not err in denying Hampden's motion for judgment notwithstanding the verdict. For the same reasons discussed above, there was sufficient evidence to support the jury's determination that the final sale price did not include the escrow amount.

Hampden further contends that the District Court erred in denying its motion in limine and allowing Timochenko's testimony. We review the District Court's ruling to admit evidence for abuse of discretion. Renda v. King, 347 F.3d 550, 553 (3d Cir. 2003). Under this deferential standard, we will not disturb the District Court's exercise of discretion unless there is a clear error or "no reasonable person would adopt the district court's view." Oddi v. Ford Motor Co., 234 F.3d 136, 146 (3d Cir. 2000) (citation omitted).

Unless otherwise barred, relevant evidence is admissible, and relevant evidence is any evidence that tends to make a consequential fact more or less probable. See Fed. R. Evid. 401, 402 & 403. There can be little doubt that Timochenko's testimony was highly relevant to the central issue in this case: whether the parties intended to modify their

5

original agreement.   In our earlier holding in this case, we held that the parol evidence rule does not preclude evidence of subsequent oral modifications.  Specifically, we stated that "the parol evidence rule does not preclude testimony regarding the parties['] intention to alter the final purchase price by executing a Settlement Statement, after the execution of the Sale Agreement, which omitted the Escrow Account Credit."  Hampden Real Estate, 142 F. App'x at 602-03.  Timochenko's testimony was evidence of post-execution negotiations, and thus the parol evidence rule does not provide a basis for its exclusion.

Finally, Hampden contends that the District Court erred by submitting confusing interrogatories to the jury.  Rule 51 of the Federal Rules of Civil Procedure provides that no party may assign error to jury instructions unless it objected thereto.  Failure to object to an instruction at the time the jury receives it constitutes a waiver of this objection.  Inter Med. Supplies, Ltd. v. Ebi Med. Sys., Inc., 181 F.3d 446, 463 (3d Cir. 1999).

Because Hampden failed to object during trial, we review for plain error.  Watson v. SEPTA, 207 F.3d 207, 222 (3d Cir. 2000).  The District Court presented the interrogatories in a clear and logical fashion.  Moreover, given the fact that there was sufficient evidence to support the jury's conclusion that the parties did modify the Sale Agreement, we are unable to find any plain error.

For the reasons set forth, we will affirm the judgment of the District Court.